## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| THE COMPLAINT OF SMG ) | |
| EQUIPMENT, LLC, AS OWNER ) | |
| PRO HAC VICE AND OPERATOR OF ) | CIVIL ACTION NO. 24-00102-KD-C |
| THE BARGE CTTE 2088, AND ) | |
| CTTE BARGE CO., LLC, AS OWNER, ) | |
| FOR EXONERATION FROM OR ) | |
| LIMITATION OF LIABILITY. ) | |
| ) | |
| IN THE MATTER OF THE ) | |
| COMPLAINT OF WRBM, LLC, D/B/A ) | |
| WESTERN RIVERS BOAT ) | |
| MANAGEMENT, INC., AS OWNER PRO ) | CIVIL ACTION NO. 24-00103-KD-C |
| HAC VICE AND OPERATOR OF THE ) | |
| M/V FRANCIS EVELYN, AND SMG ) | |
| EQUIPMENT LLC, AS OWNER, FOR ) | |
| EXONERATION FROM OR ) | |
| LIMITATION OF LIABILITY. ) | |

## ORDER

This action is before the Court on the Motion to Consolidate Actions filed by Claimant Robert G. Bozeman III (Civil Action No. 24-00102-KD-C, Doc. 21); Civil Action No. 24-00103-KD-C, Doc. 20) and the Plaintiffs' and Claimants' respective responses without opposition (Civil Action No. 24-00102-KD-C, Docs. 26, 27); Civil Action No. 24-00103-KD-C, Docs. 23, 24). Upon consideration, and for the reasons set forth herein, the Motions are **GRANTED**.

Accordingly, the consolidated actions shall proceed under Civil Action No. 24-00102-KD-C for all purposes and future documents shall be filed and docketed in this action. See S.D. Ala. Civ. L.R. 42(a), (b). The Clerk is directed to extract documents 1 through 28 from Civil Action No. 24-00103-KD-C, make those documents part of Civil Action No. 24-00102-KD-C, and close Civil Action No. 24-00103-KD-C.

I. Background

On August 20, 2023, the barge CTTE 2088, while moored on the bank of the Gulf Coast Intracoastal Waterway at or near Orange Beach, Alabama, was struck by a recreational craft. Prior to the allision or collision, the barge had been in the tow of the M/V FRANCIS EVELYN, which was then stationary in a slip located along the Intracoastal at or near Orange Beach, Alabama. The four passengers or individuals on the recreational craft – John E. Barron, William Coker, Susan Norman, and Brooke Younce - were injured. They filed answers and claims in the exoneration and limitation actions. They also filed a lawsuit in the Circuit Court of Baldwin County, Alabama. The operator of the recreational craft, Richard G. Bozeman III, filed an answer and claim in the exoneration and limitation actions. Claimant Bozeman moved to consolidate.

II. Analysis

In relevant part, Rule 42(a) of the Federal Rules of Civil Procedure provides that the Court may consolidate civil actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The Court of Appeals for the Eleventh Circuit has explained that

> Rule 42(a) codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal citations omitted). A trial court's decision to consolidate suits is discretionary. Id.
>
> When deciding if separate lawsuits should be consolidated into a single action, a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 727 Fed. Appx. 562, 570 (11th Cir. 2018).

Review of the complaints indicate that the actions share common questions of law because both Plaintiffs invoke the Court's admiralty and maritime jurisdiction and seek limitation of or exoneration from liability pursuant to Supplement Rule F of the Supplemental Rules for Admiralty or Maritime Claims. The complaints indicate that the action shares common questions of fact because the actions arise from a common occurrence, the allision between the recreational craft and barge CTTE 2088, which previously had been in the tow of the M/V FRANCIS EVELYN. Additionally, the burden on the parties, witnesses, and the Court as well as the length of time and relative expense involved in conducting two separate trials will be reduced by consolidation. Because the relevant factors weigh in favor of consolidation, the motions are due to be granted.

DONE and ORDERED this the 16th day of July 2024.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE