IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) | |
| OF SMG EQUIPMENT, LLC, AS OWNER ) | |
| PRO HAC VICE AND OPERATOR OF ) | Civil Action No. 1:24-cv-00102-KD-C |
| THE BARGE CTTE 2088, AND CTTE ) | |
| BARGE CO., LLC, AS OWNER, FOR ) | |
| EXONERATION FROM OR IMITATION ) | |
| OF LIABILITY | |

## ORDER

This action is before the Court on the Motion to Dissolve Injunction and to Lift Stay, (Doc. 30), filed by Claimants John E. Barron, Susan L. Norman, William J. Coker, and Brooke A. Younce ("Claimants"); the Motion in Support of Claimants Motion to Dissolve Injunction and Lift Stay, (Doc. 31), filed by Claimant Robert Bozeman ("Claimant Bozeman"); the Response in Opposition to the Motion to Dissolve the Injunction, (Doc. 39), filed by Petitioners SMG Equipment LLC, ("SMG"), CTTE Barge Co, LLC ("CTTE Barge"), and WRBM, LLC d/b/a Western Rivers Boat Management, Inc. ("WRBM") (collectively, "Petitioners"); the Claimants' Reply (Doc. 43); and Claimant Bozeman's Reply (Doc. 44). This order also addresses the Petitioners' Motion to Bifurcate, (Doc. 40); Claimant Bozeman's Response, (Doc. 44); the Claimants' Response, (Doc. 45); and the Petitioners' Reply. (Doc. 46). For the reasons below, the Motion to Dissolve Injunction and to Lift Stay, (Doc. 30), is **granted**. The Motion to Bifurcate, (Doc. 40), is **denied**.

I.  Background

On August 20, 2023, the Claimants were passengers in a recreational vessel, operated by Claimant Bozeman, which struck the Barge CTTE 2088 in the Gulf Coast Intracoastal Waterway near Orange Beach, Alabama (the "Incident"). (Doc. 1 at 2; Doc 30 at 1). On March 15, 2024, the Claimants filed a personal injury action against CTTE Barge Co. LLC and fictitious defendants in the Circuit Court of Baldwin County. (Doc. 30 at 1).

1

On April 4, 2024, SMG and CTTE Barge filed an action for exoneration from or limitation of liability limitation under the Limitation of Liability Act, 46 U.S.C. § 30501, et seq. (Doc. 1). The complaint alleges that SMG was and is the owner pro hac vice of the Barge CTTE 2088. (Doc. 1 at 2). The complaint also alleges that CTTE Barge was and is the legal owner of the Barge CTTE 2088. (Doc. 1 at 2). SMG and CTTE Barge attached an affidavit valuing the Barge CTTE 2088 at $150,000 at the time of the Incident. (Doc. 1-1).

On April 4, 2024, WRBM also filed an action for exoneration from or limitation of liability limitation under the Limitation of Liability Act. (Civil Action No. 1:24-00103-KD-C, Doc. 1). WRBM's complaint alleges that on the date of the Incident, the M/V FRANCIS EVELYN was stationary in a slip located along the bank of the Gulf Coast Intracoastal Waterway and that the Barge CTTE 2088 had at one time been in the tow of the M/V FRANCIS EVELYN. (Id.). WRBM's complaint alleges that WRBM was and is the operator and owner pro hac vice of M/V FRANCIS EVELYN and that SMG was and is the legal owner of M/V FRANCIS EVELYN. (Id.). WRBM attached an affidavit valuing the M/V FRANCIS EVELYN at $1,000,000 at the time of the Incident. (Civil Action No. 1:24-00103-KD-C, Doc. 1-1).

On April 11, 2024, the Court—in both cases—entered Orders approving letter of undertaking and directing issuance of notice and restraining suits. (Civil Action No. 1:24-00102-KD-C, Doc. 5; Civil Action No. 1:24-00103-KD-C, Doc. 3). These orders enjoined and stayed all actions against SMG, Barge CTTE, and WRBM with respect to the Incident, including the Claimants' action in the Circuit Court of Baldwin County.

On April 11, 2024, the Claimants and Claimant Bozeman filed answers, affirmative defenses, and claims in both cases. (Civil Action No. 1:24-00102-KD-C, Docs. 15, 19; Civil Action No. 1:24-00103-KD-C, Docs. 14, 18). On the same day, Claimant Bozeman filed an unopposed motion

2

to consolidate the two cases, which the Court granted. (Civil Action No. 1:24-00102-KD-C, Doc. 32; Civil Action No. 1:24-00103-KD-C, Doc. 29).

On June 24, 2024, the Claimants provided stipulations desiring to pursue their remedies in state court before a jury. (Doc. 25). On July 5, 2024, Claimant Bozeman also provided stipulations desiring the same—although Claimant Bozeman has not yet filed a state court action. (Doc. 28).

On July 8, 2024, Claimants filed a motion to lift stay and dissolve injunction. (Doc. 30). On July 12, 2024, Claimant Bozeman filed the same. (Doc. 31). On August 2, 2024, Petitioners filed a response in opposition to the motion to dissolve injunction and lift stay. (Doc. 39). The same day, Petitioners filed a motion to bifurcate the case. (Doc. 40). On August 9, 2024, Claimants and Claimant Bozeman filed revised stipulations (Docs. 41, 42).[1]

**II.     Law**

Federal district courts have original jurisdiction over any civil case of admiralty jurisdiction, "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. Although there is no right to a trial by jury in admiralty cases, the "saving to suitors" clause "embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1037 (11th Cir. 1996). The clause "ensures that federal admiralty jurisdiction does not eliminate traditional remedies, including state jury trials." Skanska USA Civ. Se. Inc. v. Bagelheads, Inc., 75 F.4th 1290, 1300 (11th Cir. 2023).

In 1851, Congress passed the Limitation of Liability Act to encourage investment in American shipping. Norwich & N.Y. Transp. Co. v. Wright, 80 U.S. 104, 121 (1871). The Limitation Act

---

[1] As explained in this order, the revised stipulations correct certain deficiencies in the initial stipulations, such as protecting Petitioners in "any forum" and setting the priority of competing claims.

allows a shipowner's liability to be limited to the value of the vessel and pending freight when a vessel causes harm without the owner's "privity or knowledge." 46 U.S.C. § 30523. The proceeding begins when a shipowner files a complaint and deposits the value of the vessel and its freight in the district court. Fed. R. Civ. P. Supp. Rule F. This creates a single forum to determine (1) liability, (2) the limits of liability, (3) the amount of just claims, and (4) how to distribute the funds. 2 Thomas J. Schoenbaum, Admiralty & Maritime Law § 15:6 (6th ed. 2018). All other litigation about the incident must "cease." 46 U.S.C. § 30523; Fed. R. Civ. P. Supp. Rule F(3).

Consequently, "[t]he exclusivity of admiralty jurisdiction in the Limitation Act collides with the 'saving to suitors' clause." Schoenbaum, supra, § 15:7. To resolve this "tension" the court's "primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." Beiswenger, 86 F.3d at 1037. In certain situations, "the damage claimants must be allowed to try liability and damages issues in a forum of their own choosing." Id. The Eleventh Circuit has identified two situations: 1) where the value of the limitation fund exceeds the total value of all the possible claims against the shipowner and 2) where there is only one claim. Id. However, multiple claimants can qualify under the single claim exception "through appropriate stipulations, including stipulations setting the priority in which the claims will be paid from the limitation fund." Id. at 1038. These stipulations provide the "functional equivalent" of a single claim situation. Id.

### III.  Analysis

The issue is whether the injunction should be dissolved to allow Claimants and Claimant Bozeman to seek remedies in state court. Here, there are multiple claims and multiple claimants. Therefore, the stay must be lifted only if the limitation funds are adequate or if the claimants provide appropriate stipulations giving rise to the "functional equivalent" to a single claimant case.

### A. Adequate funds

Appropriate stipulations from the claimants can ensure that the limitation fund is adequate. Beiswenger, 86 F.3d at 1037 (citing Lake Tankers Corp. v. Henn, 354 U.S. 147, 152 (1957)). For example, damage claimants have been allowed to proceed in a state court action—even when the claims as initially filed in the state court exceeded the limitation funds—where stipulations reduced the total of all claims below the limitation fund. Lake Tankers Corp., 354 U.S. at 152. "In such a case, the vessel owner is not exposed to liability in excess of the limitation fund, and thus the vessel owner's rights under the Limitation Act are not implicated." Beiswenger, 86 F.3d at 1037. In other words, "[t]he Lake Tankers case . . . establishes that the damage claimants in a multiple-claims-inadequate-fund case may file appropriate stipulations to create an adequate fund case." Id. at 1039. In contrast, the "adequate fund" exception does not apply where the damage claimants each seek to recover amounts exceeding the value of the vessels and their freight. Id. at 1038.

Here, Petitioners argue that the limitation fund for both the CTTE 2088 and the M/V FRANCIS EVELYN are potentially inadequate "based on Claimants' allegations." (Doc. 39 at 6). But Claimants and Claimant Bozeman have filed stipulations, and revised stipulations, limiting the enforcement of any judgments to no more than the limitation fund. (Doc. 41 at 2 ¶ 9–11, 4 ¶ 16; Doc. 42 at 2 ¶ 9–11, 3 ¶ 16).

Claimants stipulate that "in no event will Claimants seek to enforce [in the state court action or any other forum] excess judgment or recovery insofar as same may expose Petitioners on a direct or tort-contribution basis to liability in excess of" the limitation fund of the CTTE 2088 ($150,000), "unless and until this Court conducts an appraisal of the CTTE 2088 and ascertains the true value of the limitation fund, or denies exoneration or limited liability." (Doc. 41 at 2 ¶ 9). Claimants further stipulate that "in no event will Claimants seek to enforce [in the state court action

or any other forum] excess judgment or recovery insofar as same may expose Petitioners on a direct or tort-contribution basis to liability in excess of" the limitation fund of the M/V FRANCIS EVELYN ($1,000,000), "unless and until this Court conducts an appraisal of the M/V FRANCIS EVELYN and ascertains the true value of the limitation fund, or denies exoneration or limited liability." (Id. ¶ 10). And Claimants stipulate that they "will not seek in this federal district court, or any other court, to enforce or collect upon any judgment against Petitioners in excess of whatever amount this Court ultimately determines to be Petitioners' limited liability, if any." (Id. ¶ 11).

Claimant Bozeman stipulates that "in no event will [he] seek to enforce" excess judgment or recovery in the state action, or any other forum, related to the Incident that "may expose Petitioner on direct or tort-contribution basis to liability in excess of" the limitation fund of the CTTE 2088 ($150,000) "unless and until this Court conducts an appraisal of the CTTE 2088 and ascertains the true value of the limitation fund, or denies exoneration or limited liability." (Doc. 42 at 2 ¶ 9). Claimant Bozeman further stipulates that "in no event will [he] seek to enforce" excess judgment or recovery in the state action, or any other forum, related to the Incident that "may expose Petitioner on direct or tort-contribution basis to liability in excess of" the limitation fund of the M/V FRANCIS EVELYN ($1,000,000) "unless and until this Court conducts an appraisal of the M/V FRANCIS EVELYN . . . and ascertains the true value of the limitation fund, or denies exoneration or limited liability." (Id. ¶ 10). Claimant Bozeman also stipulates that he "will not seek in this federal district court, or any other court, to enforce or collect upon any judgment against the Petitioners in excess of whatever amount this Court ultimately determines to be Petitioners' limited liability, if any." (Id. ¶ 11).

Moreover, both stipulations limit Petitioners' potential liability for indemnity or contribution claims against Petitioners. (Doc. 41 at 4 ¶ 16; Doc. 42 at 3 ¶ 16). Claimants and Claimant Bozeman:

> will not seek to enforce any judgment rendered in any state court, or any other such judgment in a proceeding in some other forum, whether against Petitioners or another person or entity that would be entitled to seek indemnity or contribution from the Petitioners, by way of cross-claim or otherwise, which would expose Petitioners to liability in excess of the limitation fund until such time as this Court has adjudicated Petitioners' right to exoneration from or limitation of its liability.

(Doc. 41 at 4 ¶ 16; Doc. 42 at 3 ¶ 16).

Given these stipulations, the limitation fund is adequate. This is not a case where "the damage claimants each seek to recover amounts exceeding the value" of the limitation fund. Beiswenger, 86 F.3d at 1038. Therefore, this case falls into the first exception—"where the limitation fund exceeds the aggregate amount of all the possible claims against the vessel owner." Id. at 1037.

### B. Functional equivalent of a single claim

Even when the limitation fund is inadequate and there are multiple claimants, appropriate stipulations can give rise to the "functional equivalent" of a single claim situation. Id. at 1036, 1040. Beiswenger requires "stipulations that set the priority in which the multiple claims will be paid from the limitation fund," id. at 1038, including stipulations setting the priority for claims for attorneys' fees or costs. Id. at 1040. Claimants also may need to address the possibility of potential third-party claims for indemnity or contribution. Id. at 1041–42. "By entering such stipulations, the damage claimants effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund." Id. at 1038.

Petitioners argue that the claimants' stipulations fail to transform their multiple claims into a single claim for three reasons: 1) By failing to stipulate to the priority of their claims; 2) By failing to "protect the vessel owner from litigation by the damage claimants in *any* forum;" 3) By failing to address the potential of multiple different suits being filed against Petitioners outside of the

7

limitation action and the related risk that potentially inconsistent judgments would have on the limitation of liability. (Doc. 39 at 6–9). Claimants argue that their stipulations, as revised, are plainly adequate. (Doc. 43 at 6).

Regarding Petitioners' first argument, the Court finds that the stipulations adequately set the priority of claims. Both revised stipulations set the priority for attorneys' fees and for their competing claims.[2] Attorneys' fees and costs will have first priority. The individual claims of Claimants and Claimant Bozeman will have second priority and "will be paid on a pro rata basis from the remaining limitation fund to ensure that no Limitation Plaintiff is exposed to any judgment in excess of the value of the limitation fund." (Doc. 41 at 5 ¶ 20; Doc. 42 at 4 ¶ 20). Thus, the stipulations set the priority of claims, as required by Beiswenger.

Petitioners' second argument—that the stipulations fail to protect Petitioners from litigation in any forum—is not a bar for finding that the single claim exception does not exist. But it must be addressed given Beiswenger's stipulation requirements. In Beiswenger, the court explained that "[b]ecause damage claims also may be heard in other fora (e.g., the law side of the federal court)," stipulations should not refer "only to 'state court.'" Beiswenger, 86 F.3d at 1044. The stipulations in Beiswenger referred only to "state court." Id. Therefore, the Eleventh Circuit concluded that the stipulations should be amended" to refer to "*any* forum outside the limitation proceeding." Id. Here, the initial stipulations only referred to "state court" for most of the provisions. However, the revised stipulations refer to "any forum" throughout each relevant provision. (Docs. 41, 42). Thus, the stipulations protect Petitioners from litigation in any forum.

---

[2] The initial stipulations set only the priority for attorneys' fees. (Doc. 25; Doc. 28). However, the revised stipulations include the priority of the individual claims: pro rata.

As for Petitioners' third argument, that the stipulations fail to address "the potential of multiple different suits," the Supreme Court has "explicitly rejected the argument that the Limitation Act protects the vessel owner against a multiplicity of suits." Beiswenger, 86 F.3d at 1039 (citing Lake Tankers, 354 U.S. at 153–54). Moreover, both stipulations address potential third-party claims for indemnity or contribution. (Doc. 41 at 4 ¶ 13, 16; Doc. 42 at 3 ¶ 13, 16).

In sum, the stipulations set the priority of claims and address the possibility of potential third-party claims for indemnity and contribution. The damage claimants "effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund." Beiswenger, 86 F.3d at 1038. Therefore, the claimants' stipulations effectively "transform a multiple-claims-inadequate-fund case into the functional equivalent of a single claim case." Id.

### C. Further stipulation requirements

Even when an exception applies, "the stipulations must fully protect the vessel owner's rights under the Limitation Act." Id. at 1044. This requires stipulations: (1) that the district court has exclusive jurisdiction to determine all issues regarding the right of the shipowner to limit liability; (2) that any determination by the state court regarding limitation of liability will not be granted res judicata or issue preclusion effect; (3) that the vessel owner is protected from paying damages in excess of the limitation fund; and (4) that the petitioners are protected from litigation by the damage claimants in *any* forum outside the limitation proceeding. Id.; see also Schoenbaum, supra, § 15:7.

The stipulations meet all of the requirements from Beiswenger. Both stipulations sufficiently protect this Court's exclusive jurisdiction to determine issues of limiting liability. Both stipulations sufficiently provide that any determination by the state court regarding limitation of liability will not be granted res judicata or issue preclusion effect. Both stipulations protect Petitioners from

liability in excess of the limitation fund. And both stipulations, as revised, protect Petitioners from litigation in "any forum."

### D. Motion to Bifurcate

Petitioners move for this Court to bifurcate the matter "to preserve both Limitation Petitioners' rights to a federal bench trial under the Limitation of Liability Act and the Claimants' rights to a jury trial under the [saving to suitors] clause." (Doc. 40 at 3). For the reasons above, however, "the damage claimants must be allowed to try liability and damages issues in a forum of their own choosing." Beiswenger, 86 F.3d at 1037. Therefore, bifurcation of this matter is not warranted.

### IV. Conclusion

There are two situations where claimants "must be allowed" to pursue their action for liability and damages outside the limitation proceeding. Beiswenger, 86 F.3d at 1037. First, when the limitation funds are adequate. Id. Second, where there is a single claim or the functional equivalent of a single claim. Id. Additionally, "the stipulations must fully protect the vessel owner's rights under the Limitation Act." Id. at 1044.

Here, the stipulations proposed by Claimants and Claimant Bozeman ensure that the limitation funds will be adequate. See supra Section III.A. Moreover, the stipulations effectively transform the case into the "functional equivalent" of a single claim. See supra Section III.B. Finally, the stipulations fully protect Petitioners rights under the Limitation Act. See supra Section III.C. Therefore, the Motion to Dissolve the Injunction and Lift Stay (Doc. 30) is **granted**. And the Motion to Bifurcate (Doc. 40) is **denied**.

The stay and injunction imposed by this Court's orders, (Civil Action No. 1:24-00102-KD-C, Doc. 5; Civil Action No. 1:24-00103-KD-C, Doc. 3), are lifted and dissolved on the conditions of Claimants and Claimant Bozeman's revised stipulations. (Docs. 41, 42). This order is entered

under the "saving to suitors" clause of 28 U.S.C. § 1333(1). Any issues relating to Petitioners' rights under the Limitation Act shall be decided by this Court.

    **DONE** and **ORDERED** this **3rd** day of September **2024**.

                                         **/s/ Kristi K. DuBose**
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**